**UNITED STATES**

v.

**Edward James LASAGNI, 102 54 5242, Hull Technician Fireman Apprentice (E-2), U. S. Navy.**

**NCM 79 1488.**

U. S. Navy Court of Military Review.

Sentence Adjudged 11 May 1979.

Decided 10 Dec. 1979.

Before BAUM, Senior Judge, and PRICE and MICHEL, JJ.

## PER CURIAM:

In accepting appellant's pleas of guilty, the military judge announced that: "I find your pleas have been made providently and I will accept them." He did not make a specific finding that appellant made a knowing, intelligent, and conscious waiver of his right against self-incrimination, his right to a trial of the facts by a court-martial, and his right to be confronted by the witnesses against him, as required by *United States v. Care*, 18 U.S.C.M.A. 535, 541–542, 40 C.M.R. 247, 253–254 (1969). While we believe that in this case such a finding was implicit in the military judge's determination that the pleas were provident and that such an implicit finding is supported by the record of trial, *see United States v. Smith*, No. 79 1314 (N.C.M.R. 31 October 1979), we nonetheless look with disfavor on such a deviation from an established trial procedural requirement; in future cases, we will not search for implicit conclusions in this area where case law requires explicit findings.

Accordingly, in those court-martial cases tried more than 30 days after the date of this opinion, the military judge shall state for the record, when a guilty plea is accepted by him, that he has found that the plea has been made voluntarily and with full knowledge of its meaning and effect and that he further specifically finds that the accused has knowingly, intelligently, and consciously waived his rights against self-incrimination, to a trial of the facts by a court-martial, and to be confronted by the witnesses against him. Thereafter, the military judge shall state for the record that the plea is provident and is therefore accepted. Failure to adhere to this mandate can result in the respective guilty plea being found improvident by this Court. *See United States v. Care, supra.*

Accordingly, the findings and sentence, as approved below, are affirmed.