### UNITED STATES

v.

**Scott C. SPRAGUE, 086 58 3656, Fireman Recruit (E–1), U. S. Naval Reserve.**

**NMCM 80 3182.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 3 Sept. 1980.

Decided 13 July 1981.

CAPT S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

LTCOL J. Dewayne Littlejohn, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and SANDERS and BOHLEN, JJ.

CEDARBURG, Chief Judge:

Appellant summarily assigns as error that:

THE MILITARY JUDGE FAILED TO SPECIFICALLY FIND THAT APPELLANT'S PLEAS OF GUILTY WERE ATTENDED BY THE WAIVER OF CONSTITUTIONAL AND STATUTORY RIGHTS AS REQUIRED BY *UNITED STATES V. CARE*, 18 U.S.C.M.A. 535, 541–542, 40 C.M.R. 247, 253–254 (1969); *UNITED STATES V. LASAGNI*, 8 M.J. 627 (N.C.M.R.1979).

Subsequent to the summary submission, appellate defense counsel moved, without objection by government counsel, that this Court hear the matter sitting as a whole. The Court, by vote of a majority of all judges present for duty, denied the motion, which was ostensibly based upon inconsistent holdings of different panels. *Compare United States v. Smith*, No. 79 1314 (N.C. M.R. 31 October 1979), *with United States v. Lasagni*, 8 M.J. 627 (N.C.M.R.1979).

*United States v. Lasagni, supra*, established a requirement that the military judge specifically state for the record, when a guilty plea is accepted, that the plea has been found to be made voluntarily and with full knowledge of its meaning and effect and further that the accused has knowingly, intelligently and consciously waived rights against self-incrimination, trial of the facts by a court-martial and to be confronted by the witnesses against him. Trial judges were admonished that a "[f]ailure to adhere to this mandate can result in the respective guilty plea being found improvident by this Court." *Id.* at 628. In *United States v. Smith, supra*, the Court held that the military judge's recital that the pleas were made providently, *supported by the record*, was an implicit finding that there was a knowing, intelligent and conscious waiver of the rights. We do not find these holdings inconsistent. While we adhere to the holding of *Lasagni* that the failure by the trial judge to specifically state his findings is error, we are nevertheless free to determine whether an unarticulated finding of a knowing, intelligent and conscious waiver of the rights is supported by the facts of record.

In the case before us, a close examination of the record of the providency inquiry supports our conclusion that the waiver was made with the requisite knowledge, intelligence and consciousness.

Accordingly, we reject the assignment of error and affirm the findings and sentence as approved on review below.

Judge SANDERS and Judge BOHLEN concur.